[Cite as *Davis v. Ohio Dept. of Transp.*, 2016-Ohio-1109.]

| | |
|---|---|
| AMY DAVIS | Case No. 2015-00895-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | <u>MEMORANDUM DECISION</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} Plaintiff Amy Davis (hereinafter "plaintiff") filed this claim on October 19, 2015 to recover damages which occurred on October 12, 2015 when her vehicle was struck by an orange construction cone while traveling on I-70 eastbound at Hague Avenue in Franklin County, Ohio. This road is a public road maintained by the Ohio Department of Transportation (hereinafter "ODOT"). Plaintiff's vehicle sustained damages in the amount of $1,543.49. Plaintiff maintains a collision insurance deductible of $500.00.

{¶2} In order to recover on a claim for roadway damages against ODOT, Ohio law requires that a motorist/plaintiff prove *all* of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by ODOT.

{¶4} That ODOT knew or should have known about the dangerous road condition.

{¶5} That ODOT, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the Court finds that the plaintiff did prove that her vehicle received damages and that those damages occurred as a result of the plaintiff's vehicle coming into contact with a dangerous condition on a road maintained by ODOT.

{¶7} The next element that a plaintiff must prove to succeed on a claim such as this is to show that ODOT knew or should have known about this dangerous condition. Based on the evidence presented, the Court is unable to find that ODOT had actual knowledge of the dangerous condition. Likewise, the Court is unable to find that ODOT should have known about this dangerous condition and thus would have had constructive notice about the highway danger. Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of...Notice presumed by law to have been acquired by a person and thus imputed to that person." (Black's Law Dictionary at 1090 8th Ed. 2004.)

{¶8} In order for there to be constructive notice, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances ODOT should have gained knowledge of its existence. This, the plaintiff has been unable to do.

{¶9} In the Investigation Report filed December 23, 2015, ODOT stated that the location of the incident was on IR 70 in Franklin County at mile marker 95.00. This section of the roadway has an average daily traffic count of between 118,960 and 132,160 vehicles. Despite this volume of traffic, ODOT had received no notice of any construction cones traveling onto this section of the road thus, the Court is unable to find that ODOT knew about the road debris. Within the past six months, ODOT had also conducted two hundred seven (207) maintenance operations on IR 70 in Franklin County without discovering any loose debris. If any cones had traveled onto this section of the roadway, it is probable that it would likely have been discovered by ODOT's work crews. Thus, the Court cannot find that ODOT should have known about the cones in the roadway. It is thus likely that the orange construction cone had only recently traveled into the roadway and that Ohio Department of Transportation had not

been notified regarding this hazard.  How the cone traveled into the roadway is an open question.  However, there was no evidence that ODOT negligently placed the cone or was responsible by any act of commission or omission for the cone being in the path of plaintiff's vehicle on October 12, 2015.

{¶10} Under Ohio law, the burden of proof in civil claims like this one rests on the plaintiff. The plaintiff, to succeed on the claim, must prove that ODOT either knew or reasonably should have known about the road debris. Admittedly, this places a difficult task on a plaintiff in a road debris claim against ODOT. However, this is the law that is binding on this Court at the present time.

{¶11} Finally, the law in Ohio is that ODOT is not an absolute insurer of a motorist's safety on the highway.  The department is only liable for damage when the Court finds that it was negligent.  This the Court is unable to do.

{¶12} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

| | |
|---|---|
| AMY DAVIS | Case No. 2015-00895-AD |
|     Plaintiff | Clerk Mark H. Reed |
|     v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | ENTRY OF ADMINISTRATIVE DETERMINATION |
|     Defendant | |

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of the defendant.  Court costs shall be absorbed by the Court.

_____

MARK H. REED
Clerk

Entry cc:

Amy Davis                           Jerry Wray, Director
4929 Elks Drive                     Ohio Department Of Transportation
Columbus, Ohio 43214                19890 West Broad Street
                                    Mail Stop 1500
                                    Columbus, Ohio 43223

Filed 2/2/16
Sent to S.C. Reporter 3/18/16